## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Thomas Holley,** | |
|     **Plaintiff,** | Civil Case No.: 1:23-cv-1539 |
| **v.** | |
| **NATIONAL ENTERPRISE SYSTEMS, INC. and VELOCITY INVESTMENTS, LLC,** | **DEMAND FOR JURY TRIAL** |
|     **Defendants.** | |

## COMPLAINT

Plaintiff Thomas Holley, by and through the undersigned counsel, complains, states, and alleges against defendants National Enterprise Systems, Inc. and Velocity Investments, LLC, as follows:

### NATURE OF THE ACTION

1.　　Plaintiff bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq*., for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2.　　This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.　　Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants reside in the Northern District of Ohio, and Defendants conduct business in the Northern District of Ohio, and a substantial portion of the events or omissions giving rise to the claims occurred within Northern District of Ohio.

## PARTIES

4.      Plaintiff Thomas Holley ("Plaintiff") is an individual who is a citizen of the State of Louisiana.

5.      Plaintiff is a natural person allegedly obligated to pay a debt.

6.      Plaintiff is a "consumer" as defined by the FDCPA.

7.      Defendant National Enterprise Systems, Inc. ("NES") is a company existing under the laws of the State of Ohio, with its principal place of business in Solon, Ohio, that engages in the business of debt collection and engages in the business of debt collection within this District.

8.      NES has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9.      NES regularly collects or attempts to collect debts asserted to be owed to others.

10.      NES is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.      The principal purpose of NES's business is the collection of such debts.

12.      NES uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13.      NES is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.      At all material times herein, NES's conduct, with respect to the debt complained of below, qualifies as "communication" as defined by 15 U.S.C. § 1692a(2).

15.      Defendant Velocity Investments, LLC ("Velocity") is a company existing under the laws of the State of New Jersey, with its principal place of business in Wall, New Jersey, that engages in the business of debt collection and engages in the business of debt collection within this District.

2

16.     Velocity has transacted business within this state as is more fully set forth hereinafter in this Complaint.

17.     Velocity regularly collects or attempts to collect debts asserted to be owed to others.

18.     Velocity is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

19.     The principal purpose of Velocity's business is the collection of such debts.

20.     Velocity uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

21.     Velocity is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

22.     At all material times herein, Velocity's conduct, with respect to the debt complained of below, qualifies as "communication" as defined by 15 U.S.C. § 1692a(2).

23.     All necessary conditions precedent to the filing of this action occurred or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

24.     Defendants allege Plaintiff owes a debt to Velocity, allegedly previously owed to Upstart Network Inc.

25.     In an attempt to collect the alleged debt, NES sent Plaintiff a letter, dated February 6, 2023.

26.     Prior to NES sending the letter, Plaintiff retained counsel to assist Plaintiff with the Upstart debt, and on April 7, 2022, then again on May 11, 2022, Plaintiff's counsel, The Ferrer Law Firm, PA, notified Upstart of its representation of Plaintiff and demanded all further communications to cease directly with Plaintiff.

3

27.     Sometime thereafter, the alleged debt was allegedly sold, transferred, and/or assigned to Velocity for purposes of collection.

28.     It is standard practice for a creditor to inform downstream entities of attorney representations and cease and desists.

29.     Defendants allege Velocity is the current creditor of the alleged debt.

30.     Upon information and belief, Velocity was notified by Upstart of Plaintiff's attorney's representation in the sale file(s).

31.     Upon information and belief, Velocity was notified by Upstart of the cease and desist in the sale file(s).

32.     Upon information and belief, the CSV, Excel, and/or other file that was transferred to Velocity indicated represented by attorney, or some other indicator, that provided Velocity notice that Plaintiff was represented by counsel.

33.     Upon information and belief, the CSV, Excel, and/or other file that was transferred to Velocity indicated cease and desist, or some other indicator, that provided Velocity notice of Plaintiff's cease and desist from future communication with Plaintiff directly.

34.     Alternatively, if Velocity did not receive notice of Plaintiff's attorney's representation and/or cease and desist when Upstart purportedly sold, transferred, and/or assigned the debt with Velocity for purposes of collection, then Velocity intentionally or negligently lacks sufficient policies and procedures because it failed to inquire with Upstart prior to attempting to collect the debt from Plaintiff whether Plaintiff was represented by counsel and/or whether Plaintiff previously provided a written cease and desist from further communications directly with Plaintiff.

35.     Thereafter, Velocity placed, transferred, and/or assigned the alleged debt to NES for purposes of collection on behalf of Velocity.

36.     Upon information and belief, NES was notified of Plaintiff's attorney's representation either in the placement file(s) or via the client portal Velocity provides the debt collectors it retains to collect debts on its behalf.

37.     Upon information and belief, NES was notified of Plaintiff's cease and desist either in the placement file(s) or via the client portal Velocity provides the debt collectors it retains to collect debts on its behalf.

38.     Alternatively, if NES did not receive notice of Plaintiff's attorney's representation and/or cease and desist when Velocity transferred, assigned, or placed the debt with NES for purposes of collection on behalf of Velocity and did not have access to Plaintiff's attorney's representation and/or cease and desist via Velocity's client portal it provides to its debt collectors, then NES intentionally or negligently lacks sufficient policies and procedures because it failed to inquire with Velocity prior to attempting to collect the debt from Plaintiff whether Plaintiff was represented by counsel and/or whether Plaintiff previously provided a written cease and desist from further communications directly with Plaintiff.

39.     In spite of Plaintiff's counsel's representation, NES sent a letter directly to Plaintiff on behalf of Velocity, dated February 6, 2023.

40.     In fact, Defendants have a pattern and practice of contacting consumers directly who are represented by counsel.

41.     Velocity knew Plaintiff was represented by The Ferrer Law Firm, PA when the debt collector it retained sent the letter directly to Plaintiff in an attempt to collect the alleged debt.

42.     In spite of Plaintiff's cease and desist, NES sent a letter directly to Plaintiff on behalf of Velocity, dated February 6, 2023.

43.     In fact, Defendants have a pattern and practice of contacting consumers who have previously provided a written cease and desist from further communication.

44.     Velocity knew Plaintiff provided notice of a written cease and desist when the debt collector it retained sent the letter directly to Plaintiff in an attempt to collect the alleged debt.

45.     The letter alleged that Plaintiff no longer owed money to Upstart Network Inc., but now owed $2,347.91 to Velocity.

46.     However, Plaintiff was never indebted to Velocity, and was never indebted to Velocity for $2,347.91.

47.     Prior to receiving the letter from NES, Plaintiff never heard of Velocity.

48.     Debt scavengers purchase large CSV files or Excel spreadsheets of purported "accounts" from credit card companies or other debt scavengers for pennies on the dollar.  These files are usually without account-level documentation establishing that the amount sought is correct, and without sufficient proof of the debt scavenger's legal right, title and/or interest in the money sought.  By paying so little for the debt, debt scavengers stand to make tremendous amounts of money when unsuspecting or easily confused consumers pay even a small portion of the money sought.

49.     According to data provided by the Consumer Financial Protection Bureau (the "CFPB"), consumer complaints about debt buyers and collectors attempting to collect money not actually owed by the consumer are by far the most common of all complaints received by the Bureau every year.

50.     Upon information and belief, Velocity is a debt scavenger.

51.     Upon information and belief, Velocity purchases large CSV files or Excel spreadsheets of purported "accounts" and merely uploads said data into its account management system without reviewing any of the information regarding any individual account or balance allegedly owed.

52.     Upon information and belief, after uploading these data, Velocity begins to attempt to collect the accounts without performing any inquiry into the account or balance allegedly owed.

53.     Upon information and belief, Velocity purchased a CSV file or Excel spreadsheet that included Plaintiff's name, but failed to include account-level documentation, such as a credit agreement signed by Plaintiff or any other competent proof that Plaintiff owed the amount sought to establish Velocity's legal right, title and/or interest in $2,347.91 allegedly owed by Plaintiff.

54.     Indeed, Plaintiff was never indebted to Velocity for $2,347.91 and Velocity never extended credit to Plaintiff for $2,347.91.

55.     Plaintiff was never involved in any transaction with Velocity for $2,347.91 and never entered into any contract with Velocity for the payment of $2,347.91.

56.     Upon information and belief, NES does not possess competent proof that Plaintiff owes $2,347.91 to Velocity.

57.     Upon information and belief, Velocity does not possess competent proof that Plaintiff owes it $2,347.91.

58.     Upon information and belief, NES does not possess any credit agreement between Plaintiff and Velocity for $2,347.91.

59.     Upon information and belief, Velocity does not possess any credit agreement between it and Plaintiff for $2,347.91.

60.     Upon information and belief, NES does not possess competent proof that Plaintiff agreed to pay $2,347.91 to Velocity.

61.     Upon information and belief, Velocity does not possess competent proof that Plaintiff agreed to pay it $2,347.91.

62.     Upon information and belief, NES does not possess any competent proof that Plaintiff is obligated to pay $2,347.91 to Velocity.

63.     Upon information and belief, Velocity does not possess any competent proof that Plaintiff is obligated to pay Velocity $2,347.91.

64.     Upon information and belief, NES does not possess any competent proof that $2,347.91 was ever owed by Plaintiff to Velocity.

65.     Upon information and belief, Velocity does not possess any competent proof that $2,347.91 was ever owed to it by Plaintiff.

66.     Upon information and belief, NES does not possess any competent proof that Plaintiff owed $2,347.91 at the time Velocity purchased the portfolio of debt.

67.     Upon information and belief, Velocity does not possess any competent proof that Plaintiff owed $2,347.91 at the time Velocity purchased the portfolio of debt.

68.     NES holds no legal right, title or interest in $2,347.91 owed by Plaintiff.

69.     Velocity holds no legal right, title or interest in $2,347.91 owed by Plaintiff.

70.     Nevertheless, in its efforts to collect the money, Velocity hired or otherwise retained NES for the purposes of collecting the money from Plaintiff.

71.     As part of its utilization of NES, Velocity conveyed information concerning Plaintiff and the alleged debt to NES by electronic means.

72. The information conveyed by Velocity to NES, which, upon information and belief, was viewed by employees of NES, contained Plaintiff's personal and private information including personal identifying data, among other things.

73. Thereafter, in its efforts to collect the money, NES decided to contact Plaintiff by letter.

74. Rather than preparing and mailing such letter to Plaintiff on its own, NES decided to utilize a third-party to perform such activities on its behalf.

75. As part of its utilization of the third-party, NES conveyed information regarding Plaintiff and the alleged debt to the third-party by electronic means.

76. The information conveyed by NES to the third-party, which, upon information and belief, was viewed by employees of the third-party, contained Plaintiff's personal and private information including personal identifying data, among other things.

77. The third-party then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at NES's direction.

78. That letter, dated February 6, 2023, was received and read by Plaintiff.

79. The letter was the initial written communication Plaintiff received from NES.

80. The letter stated, "We are trying to collect a debt that you owe to Velocity Investments LLC."

81. Upon information and belief, NES does not perform any review of the alleged sale documents or investigation into consumers' accounts to determine if in fact Plaintiff actually owed the alleged debt to Velocity.

82. In fact, Plaintiff does not owe Velocity the money NES was attempting to collect from Plaintiff.

83.     NES's statement that Plaintiff owed the alleged debt to Velocity is false, misleading and/or deceptive.

84.     On February 17, 2023, Plaintiff's attorney once again sent notification, among other things, informing NES of Plaintiff's attorney's representation of Plaintiff and to cease and desist from all further communications directly with Plaintiff.

85.     The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority.  As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

86.     Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

87.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debt and other alleged debts.

88.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted economic harm.

89.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

90.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff to be sued.

91.     A favorable decision herein would serve to deter Defendants from further similar conduct.

## - FIRST CAUSE OF ACTION -
## VIOLATION OF 15 U.S.C. §§ 1692c(b) and 1692f

92.    Plaintiff repeats and realleges paragraphs 1 to 91 as if fully restated herein.

93.    15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

94.    The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

95.    Velocity's conveyance of Plaintiff's personal and private information to NES is a "communication" as that term is defined by the FDCPA.

96.    Plaintiff never consented to Velocity's communication with the third-party vendor concerning the alleged debt.

97.    Plaintiff never consented to Velocity's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

98.    Plaintiff never consented to Velocity's communication with NES concerning Plaintiff's personal and/or confidential information.

99.    Plaintiff never consented to Velocity's communication with anyone concerning the alleged debt or concerning Plaintiff's personal and/or confidential information.

100.    Plaintiff never consented to NES's communication with the third-party vendor concerning the alleged debt.

101.    Plaintiff never consented to NES's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

102.    Plaintiff never consented to NES's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

103.    Upon information and belief, Defendants have utilized a third-party vendor for these purposes thousands of times.

104.    Defendants utilize a third-party vendor in this regard for the sole purpose of maximizing its profits.

105.    Defendants utilize a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

106.    Defendants utilize a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendants' unauthorized disclosure of such private and sensitive information.

107.    Defendants utilize a third-party vendor with reckless disregard for Plaintiff's right to privacy.

108.    Defendants utilize a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

109.    Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged debt to the third-party vendors.

110.    15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

111.    The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

112.    Defendants disclosed Plaintiff's private and sensitive information to the third-party vendors.

113.     Defendants violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendors.

114.     As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers.  15 U.S.C. § 1692(a)-(b).

115.     Specifically, Congress sought to protect consumers from communications by debt collectors to third parties.  *See* S. Rep. No. 95-382, at 4 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1698.

116.     As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

117.     A violation of Section 1692c(b) is an invasion of privacy.

118.     As described herein, Defendants violated Section 1692c(b).

119.     As described herein, Defendants invaded Plaintiff's privacy.

120.     A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

121.     A violation of Section 1692c(b) is a public disclosure of private facts.

122.     As described herein, Defendants violated Section 1692c(b).

123.     As described herein, Defendants publicly disclosed Plaintiff's private facts.

124.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692c(b) and 1692f and are liable to Plaintiff therefor.

## - SECOND CAUSE OF ACTION -
## VIOLATION OF 15 U.S.C. §§ 1692c(a)(2) and 1692c(c)

125.     Plaintiff repeats and realleges paragraphs 1 to 91 as if fully restated herein.

126.     The Plaintiff is a "consumer" as that term defined by the FDCPA.

127.    NES is a "debt collector" as that term is defined by the FDCPA.

128.    Velocity is a "debt collector" as that term is defined by the FDCPA.

129.    The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

130.    The letter is a "communication" as that term is defined by the FDCPA.

131.    The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

132.    15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…"

133.    The letter demanded payment from Plaintiff directly and was not sent to Plaintiff's attorney, despite the fact that Defendants knew that Plaintiff was represented by counsel regarding the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2) of the FDCPA.

134.    If Upstart did not provide Velocity Plaintiff's attorney's representation, Velocity could have merely inquired with Upstart and determined that Plaintiff was represented by counsel.

135.    If Velocity did not provide NES Plaintiff's attorney's representation, NES could have merely inquired with Velocity and determined that Plaintiff was represented by counsel.

136.    15 U.S.C. § 1692c(c) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "If a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer."

137.    The letter demanded payment from Plaintiff directly and was not sent to Plaintiff's attorney, despite the fact that Defendants knew that Plaintiff previously provided a written cease

14

and desist from further communication directly, in violation of 15 U.S.C. § 1692c(c) of the FDCPA.

138.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692c(a)(2) and 1692c(c) and are therefore liable to Plaintiff.

## - THIRD CAUSE OF ACTION -
## VIOLATION OF 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10)

139.    Plaintiff repeats and realleges paragraphs 1 to 91 as if fully restated herein.

140.    The Plaintiff is a "consumer" as that term defined by the FDCPA.

141.    NES is a "debt collector" as that term is defined by the FDCPA.

142.    Velocity is a "debt collector" as that term is defined by the FDCPA.

143.    The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

144.    The letter is a "communication" as that term is defined by the FDCPA.

145.    The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

146.    15 U.S.C. § 1692d provides, generally, that a debt collector may not engage in conduct the natural consequence of which is to harass, abuse, and/or oppress.

147.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

148.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

149.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

150. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

151. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

152. As previously stated in this Complaint, Plaintiff did not owe the amount NES alleged is owed to Velocity by Plaintiff.

153. Defendants' contention that Plaintiff owed the alleged debt to Velocity, when Plaintiff did not owe the alleged debt to Velocity, amounts to conduct the natural consequence of which is to harass, abuse, and/or oppress in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692d.

154. Defendants' contention that Plaintiff owed the alleged debt to Velocity, when Plaintiff did not owe the alleged debt to Velocity, is a false, misleading, and/or deceptive representation, in violation of 15 U.S.C. § 1692e.

155. Defendants' contention that Plaintiff owed the alleged debt to Velocity, when Plaintiff did not owe the alleged debt to Velocity, is a false representation of the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

156. Defendants' contention that Plaintiff owed the alleged debt to Velocity, when Plaintiff did not owe the alleged debt to Velocity, is a false representation or deceptive means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692e(10).

157. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10) and are liable to Plaintiff therefor.

## - FOURTH CAUSE OF ACTION -
## VIOLATION OF 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2)

158.    Plaintiff repeats and realleges paragraphs 1 to 91 as if fully restated herein.

159.    The Plaintiff is a "consumer" as that term defined by the FDCPA.

160.    NES is a "debt collector" as that term is defined by the FDCPA.

161.    Velocity is a "debt collector" as that term is defined by the FDCPA.

162.    The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

163.    The letter is a "communication" as that term is defined by the FDCPA.

164.    The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

165.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

166.    As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

167.    To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

168.    A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

169.    As previously stated, Plaintiff did not owe the amount NES alleges is owed to Velocity by Plaintiff.

170.    As such, NES did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

17

171.   NES's statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

172.   As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

173.   To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

174.   A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

175.   As set forth above, Plaintiff did not owe money to Velocity.

176.   As such, NES did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

177.   NES's statement that Velocity was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to Velocity, violates 15 U.S.C. § 1692g(a)(2).

178.   For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2), and are liable to Plaintiff therefor.

## JURY DEMAND

179.   Plaintiff demand a trial by jury on all issues.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully request the following relief:

    a.   A determination that Defendants have committed the violations of law alleged in this action.

    b.   Damages against each Defendant pursuant to 15 U.S.C. § 1692k

for Plaintiff's FDCPA causes of action.

c.  The costs of this action and attorneys' fees as allowed by law.

d.  Pre-judgment and post-judgment interest as allowed by law; and

e.  Such other and further relief that the Court determines is just and proper.

DATED: August 8, 2023

                                     Respectfully Submitted,
**HALVORSEN KLOTE**

By:      /s/ Joel S. Halvorsen
Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
E: joel@hklawstl.com
Attorneys for Plaintiff